IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TINA F. JUSTICE,<br><br>    Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>    Defendant. | Civil Action No. 3:11-CV-1066-<br><br>DEMAND FOR TRIAL BY JURY |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"). Plaintiff also brings a pendent claim for violations of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-1 et seq.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and pendent jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

### III. PARTIES

3. Plaintiff Tina F. Justice is a natural person residing in Phenix City, Russell County, Alabama.

4. Defendant Midland Credit Management, Inc., is a foreign corporation engaged in the business of collecting debts in this and other states with its principal place of business located at 8875 Aero Drive, Suite 200, San Diego, CA 92123. The principal purpose of Defendant is and has at all relevant times been the collection of debts using the mails and

telephone, and Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

## IV. FACTUAL ALLEGATIONS

6. On or about August 11, 2011, Defendant sent correspondence, a copy of which is attached hereto as Exhibit A, to Plaintiff attempting to collect a debt allegedly originally owed to FCNB/Spiegel with a claimed current balance of $4,755.48. While Plaintiff denies that any balance was still owed to FNCB/Spiegel at all, the original debt was incurred primarily for personal, family, or household purposes in the early 1990's, and any attempt to institute legal action to collect the debt would long be barred by the statute of limitations.

7. Further, this debt has already been the subject of litigation between the parties, which resulted in the dismissal of this matter with prejudice. Five years ago, in 2006, Defendant sued Plaintiff in the District Court of Russell County, Alabama, claiming that Plaintiff owed Defendant $4,331.52 plus court costs for the FNCB/Spiegel debt. A copy of the complaint is attached hereto as Exhibit B. Plaintiff answered and counterclaimed pursuant to the Fair Debt Collection Practices Act, a copy of which is attached as Exhibit C. The parties resolved the matter by a Stipulation to Dismissal with Prejudice, a copy of which is attached as Exhibit D, and the case was dismissed. A copy of the Court's Order of dismissal is attached as Exhibit E.

8. Despite the debt being time-barred and Defendant's attempt to collect this debt having previously been dismissed with prejudice, Defendant is nonetheless attempting to collect the debt from Plaintiff. Further, Defendant sent Exhibit A directly to Plaintiff even though Defendant knew that undersigned counsel represented Plaintiff with respect to the debt at issue. Additionally, Defendant represented that Plaintiff's debt currently shows up in her credit report as unpaid, even though the case was dismissed with prejudice, Defendant agreed to remove the debt from credit reports, and the District Court of Russell County Ordered that Defendant notify credit reporting agencies to remove the debt from credit reports.

9. As a result of Defendant's action Plaintiff has suffered economic and emotional damages.

10. In compliance with Section 8-19-10(e) of the Alabama Deceptive Trade Practices Act, Plaintiff by undersigned counsel sent Defendant a written demand for relief on September 6, 2011 by next day air, which was received by the Defendant on September 7, 2011. Defendant has not responded to the September 6 letter.

## V.  FIRST CLAIM FOR RELIEF —
## FAIR DEBT COLLECTION PRACTICES ACT

11. Plaintiff repeats and re-alleges and incorporates by reference paragraphs one through nine above.

12. Defendant violated the FDCPA. Defendant's violations include but are not limited to Defendant misrepresenting the legal status of the debt, by attempting to collect a debt that was time-barred as a matter of law and by attempting to collect a debt that had previously been dismissed with prejudice.

13. Defendant's conduct constituted harassment or abuse in violation of 15 U.S.C. § 1692d, contained false and misleading representations in violation of 15 U.S.C. § 1692e, and was an unfair practice in violation of 15 U.S.C. § 1692f.

14. As a result of the above violations of the FDCPA, Defendant is liable to the Plaintiff in the sum of Plaintiff's actual damages, statutory damages, punitive damages, and costs and attorney's fees.

15. Plaintiff is further entitled to injunctive relief requiring Defendant to cease all attempts to collect or assign the alleged debt from Plaintiff and to notify credit reporting agencies to remove the alleged debt from Plaintiff's credit reports.

## VI.  SECOND CLAIM FOR RELIEF —
## ALABAMA DECEPTIVE TRADE PRACTICES ACT

16. Plaintiff repeats and re-alleges and incorporates by reference paragraphs one through ten above.

17. Defendant violated the ADTPA. Defendant's violations include but are not limited to Defendant misrepresenting the legal status of the debt, by attempting to collect a debt that was time-barred as a matter of law and by attempting to collect a debt that had previously been dismissed with prejudice.

18. Defendant's conduct constituted an unconscionable, false, misleading, or deceptive act or practice in the conduct of trade or commerce in violation of Ala. Code § 8-19-5.

19. As a result of the above violations of the ADTPA, Defendant is liable to the Plaintiff in the sum of Plaintiff's actual damages, statutory damages, treble damages, and costs and attorney's fees.

20. Plaintiff is further entitled to injunctive relief requiring Defendant to cease all attempts to collect or assign the alleged debt from Plaintiff and to notify credit reporting agencies to remove the alleged debt from Plaintiff's credit reports.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants in the amount of:

(a) Actual and compensatory damages;

(b) Statutory damages pursuant to 15 U.S.C. § 1692k and if applicable Ala. Code § 8-19-10(a)(1);

(c) Treble damages pursuant to Ala. Code § 8-19-10(a)(2)

(d) Punitive damages;

(e) Injunctive relief;

(f) Costs;

(g) A reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Ala. Code § 8-19-10(a)(3); and

(h) Such other and further relief as may be just and proper.

_____
William Z. Messer (MES002)

Varley & Messer, L.L.P.
8219 Old Federal Road
Montgomery, AL   36117
(334) 834-7770
fax (334) 834-7785
wzmesser@knology.net

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

*William Z. Messer* (signature)
William Z. Messer

## REQUEST FOR SERVICE BY CERTIFIED MAIL

Plaintiff requests that the Clerk serve the Summons and Complaint with all Exhibits, together with Plaintiff's Conflict Disclosure Statement, by certified mail upon Defendant's registered agent for service of process in Alabama, as follows:

Midland Credit Management, Inc.
c/o CSC Lawyers Incorporating Svc., Inc.
150 South Perry Street
Montgomery, AL   36104

*William Z. Messer* (signature)
William Z. Messer